UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-21935-EAL

**BRIGHTHOUSE LIFE INSURANCE COMPANY,**

    Plaintiff,

v.

**FERNANDO SUAREZ,** *et al.***,**

    Defendants.
_____/

## ORDER REMANDING CASE

THIS CAUSE comes before the Court upon Defendants Pike Holdings, LLC and Benjamin Pike's Notice of Removal (the "Notice"), ECF No. 1, and Plaintiff's Motion to Remand Action to State Court, (the "Motion"), ECF No. 4. Defendants removed this case based on this Court's diversity jurisdiction citing "28 U.S.C. §§ 1332, 1441, 1446, and 1447." Notice at 1. Plaintiff seeks to remand on three separate grounds: first, the Notice failed to establish diversity jurisdiction, second, the removal was untimely, and third, the Notice was filed by a non-party non-attorney. The Court will also examine satisfaction of the unanimity requirement amongst Defendants for removal. For the reasons that follow, the Motion to Remand is granted.

## BACKGROUND

This matter involves a residential mortgage foreclosure lawsuit that was filed in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida on July 24, 2023, at case number 2023-020166-CA-01. The docket for case

number 2023-020166-CA-01 was attached as Exhibit A to the Motion. The one-count Complaint sought to foreclose a mortgage on real property located in Miami-Dade County, Florida. Notice, Ex. A. Plaintiff filed an Amended Complaint on October 24, 2023, which identifies the parties to the state court action. *See* Notice, Ex. A. Defendant Pike Holdings, LLC, was served with the Amended Complaint on December 19, 2023. Mot., Ex. B. Benjamin Pike was not an individual defendant in the state court action. *See id.* The state court also found that Defendant Fernando Suarez was "duly served according to law." Mot., Ex. A (Order Granting Plaintiff's Motion for Default).

The case resulted in a final judgment of foreclosure on November 15, 2024, which scheduled the foreclosure sale for January 13, 2025, following a trial on November 15, 2024. *See* Mot., Ex. A ("Final Judgment"). The foreclosure sale proceeded as scheduled on January 13, 2025, a Certificate of Sale was filed on January 16, 2025, and a Certificate of Title was issued in favor of Plaintiff on March 5, 2025. Mot., Ex. A ("Mortgage Foreclosure Sale Hearing"); *see also* Notice, Ex. B (Certificate of Title). Benjamin Pike, individually, and purportedly on behalf of the corporate Defendant Pike Holdings, LLC, filed a Notice of Removal to the Southern District of Florida on April 29, 2025—i.e., more than one year after Defendant was served with process and more than five months after final judgment was entered. *See* Notice; *see also* Notice, Ex. B. Defendant's Notice of Removal asserts jurisdiction solely on the basis of a diversity of citizenship. *See* Notice at 2. In particular, it states that "[p]ursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action

2

because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs." *Id*. Specifically, the Notice of Removal states that "[a]ll the Defendants in the case are citizens of Florida." *Id*. Importantly, Mr. Pike is neither a party to the underlying state court action nor is he an attorney. *See* Mot. 4-5.

In the proceeding before this Court, Plaintiff filed the Motion to Remand on May 28, 2025. *See* Mot. at 7. Defendants failed to respond to Plaintiff's conferral efforts in connection with the Motion. *See* Mot. at 5-6. To date, Defendants have not filed a response to the Motion or made any other filings in this case.

## LEGAL STANDARD

Congress has granted federal district courts with original jurisdiction over all civil actions where (1) the matter in controversy exceeds the sum or value of $75,000.00 and (2) the parties in that matter are citizens of different states. *See* 28 U.S.C. § 1332(a). Under 28 U.S. Code § 1332(a)(1), there must be complete diversity, that is, "every plaintiff must be diverse from every defendant." *Flintlock Constr. Servs. v. Well-Come Holdings, LLC*, 710 F.3d 1221, 1224 (11th Cir. 2013) (citation omitted). Removal based on diversity jurisdiction is governed by 28 U.S. Code § 1441. Under section 1441(b)(2)'s forum defendant rule, "a civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See also U.S. Bank Trust N.A. v. Alaniz*, No. 25-cv-642, 2025 U.S. Dist. LEXIS 120150, at *5 (M.D. Fla. June 25,

2025) (affirming a court may remand a case removed by forum defendants after a timely motion to remand).

Under section 1446(b)(1), a defendant has 30 days to file a notice of removal from when the initial pleading was filed in state court or served on the defendant. 28 U.S.C. § 1446(b)(1). However, when the case stated in the initial pleading is not removable, a defendant is not entirely foreclosed from removal. *See id.* § 1446(b)(3). When a defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," then he has 30 days to file a notice of removal from the receipt of that document. *Id.* In cases where removal is based on diversity of citizenship, a defendant may remove the case up to "1 year after commencement of the action." *Id.* § 1446(c)(1).

Removal jurisdiction under section 1441 is limited to "the defendant or the defendants" in the state court action. *See id.* § 1446(a). Only those named as defendants in the state court action may remove the case to federal court. *See generally Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Additionally, to remove an action solely under section 1441(a), the unanimity requirement must be met with "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

Under 28 U.S.C. § 1441(a), "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

When a case is removed to federal court from state court, the removing party bears the burden of proving that federal jurisdiction exists. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001). A defendant seeking removal may submit affidavits, declarations or other evidence to meet its burden of showing a jurisdictional basis for removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). Courts may consider evidence submitted after the removal petition, as long as the evidence pertains to the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Removal statutes are strictly construed, with all doubts resolved in favor of remand. *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328-29 (11th Cir. 2006) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## ANALYSIS

### A. Removal Based on Diversity Jurisdiction

Defendants removed this case from state court on the basis that this Court has diversity jurisdiction pursuant to section 1332 and section 1441 governing removal based on diversity jurisdiction. 28 U.S.C. §§ 1332, 1441. Pursuant to section 1441(b)(2)'s forum defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title **may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.**" (emphasis added).

To establish diversity jurisdiction, Defendants' Notice of Removal asserted that "Plaintiff BRIGHTHOUSE is believed to be a citizen of the State of North Carolina. All the Defendants in this case are citizens of Florida." Notice at 2. Defendants have filed no response or additional evidence to meet its burden of showing jurisdictional basis for removal. *See Pretka*, 608 F.3d at 755; *see also Sierminski*, 216 F.3d at 949. Therefore, finding that at least one of the properly joined and served Defendants is a Florida citizen, this Court must remand this case pursuant to the forum defendant rule. 28 U.S.C. § 1441(b)(2); *see also U.S. Bank Trust N.A*, 2025 U.S. Dist. LEXIS 120150, at *5.

### B. <u>Untimeliness of Removal</u>

A defendant must file the notice of removal within 30 days after receiving service of the initial pleading. 28 U.S.C. § 1446(b)(1). Moreover, a case may not be removed on the basis of diversity jurisdiction "more than 1 year after commencement of the action . . . ." *Id.* § 1446(c)(1). Defendant was served with the Amended Complaint on December 19, 2023. *See* Mot., Ex. B. As a result, the Notice of Removal was required by January 18, 2024 (30 days), and no later than December 19, 2024 (1 year). 28 U.S.C. §§ 1446 (b)(3), (c)(1); *see also Rodriguez v. BJ's Rests., Inc.*, No. 23-cv-21834, 2023 U.S. Dist. LEXIS 136003, at *3-4 (S.D. Fla. Aug. 4, 2023). But the Notice of Removal was not filed until April 29, 2025. *See* Notice. Thus, the Notice of Removal was improperly filed outside time permitted by section 1446 and this case must be remanded to state court. 28 U.S.C. §§ 1446(b)(3), (c)(1).

### C. Removal by Improper Party and Without Counsel

Removal jurisdiction under section 1441 is limited to "the defendant or the defendants" in the state court action. 28 U.S.C. § 1446(a). Only those named as defendants in the state court may remove the case to federal court. *See generally Caterpillar*, 519 U.S. at 68; *see also Wilson v. Hearos, LLC*, 128 F.4th 1254, 1261 (11th Cir. 2025) (explaining that non-parties "have no statutory authority to" remove cases to federal court).

The Notice of Removal was filed by Benjamin Pike, who is not a party to the state court case but purports to act on behalf of Defendants in this action. *See* Notice at 9; *see also* Notice, Ex. A at 1. Therefore, because Mr. Pike is not a defendant in the state court action, he lacks standing to remove this case. 28 U.S.C. § 1446(a); *see also Valencia v. Allstate Tex. Lloyd's*, 976 F.3d 593, 595 (5th Cir. 2020) ("A non-party, even one that claims to be the proper party in interest, is not a defendant and accordingly lacks the authority to remove a case."). Moreover, Mr. Pike could not file the Notice of Removal on behalf of the corporate Defendant, Pike Holdings, LLC, because Mr. Pike is not a licensed attorney.[1] Mot. at 4. As a corporate entity, Pike Holdings, LLC "must be represented by counsel in all dealings with the Court." *Damian v. Int'l Metals Trading & Invs., Ltd.*, 243 F. Supp. 3d 1308, 1313 (S.D. Fla. 2017) (citing *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985)).

### D. Removal Without Unanimity Among Defendants

Under 28 U.S.C. § 1441(a), to remove an action, "all defendants who have been

---

[1] In fact, the corporate Defendant is represented by a licensed attorney in the state court action, attorney Paul Bravo, who notably did not sign the Notice of Removal and has never appeared in this federal case. Notice, Ex. A.

properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Bryant v. Lagos*, No. 25-cv-23894, 2025 U.S. Dist. LEXIS 224385 at *6 (S.D. Fla. Nov. 14, 2025).

The Notice of Removal was filed only by Benjamin Pike and Pike Holdings LLC. *See* Notice at 1. However, there is at least one other defendant who was properly joined and served in the underlying state action, Fernando Suarez. *See* Notice, Ex. A at 1; *see also* Mot., Ex. A (Order Granting Plaintiff's Motion for Default). Consequently, the Notice of Removal lacked unanimity from all of the Defendants because there is no evidence that Mr. Suarez has consented to the removal of this case to federal court. *See* Notice at 1. Therefore, this case should be remanded due to the "procedural defect" of not removing with Mr. Suarez's consent. *See Bryant*, 2025 U.S. Dist. LEXIS 224385 at *6.

## CONCLUSION

For the aforementioned reasons, the Court finds this action was improperly removed from state court. Therefore, it is **ORDERED and ADJUDGED** that Plaintiff's Motion to Remand, ECF No. 4, is **GRANTED**. The Clerk of Court is **RESPECTFULLY DIRECTED** to transfer this matter back to the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County.

**DONE AND ORDERED** in Chambers in Miami, Florida on this 26th day of January, 2026.

*[signature: Enjoliqué A. Lett]*

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record